Jack GILLAM; Flora Chew; John Bassett; Susan Bassett; John Egan; Kathy Pound; Kristin Pound; Sheri Allen; James Poplin, William Wetzel; Ralp Aron; Carol Podesta; Bill Gragg; Patty Loo; Ray Malispina, Plaintiffs–Appellants,

v.

PG & E CORPORATION; Robert D. Glynn, Jr., Defendants–Appellees.

No. 02–16423.

D.C. No. CV–01–20617–JF.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 10, 2003.

Decided July 31, 2003.

Before SCHROEDER, Chief Judge, D.W. NELSON, and W. FLETCHER, Circuit Judges.

MEMORANDUM*

We affirm the dismissal of Plaintiffs' Second Amended Complaint alleging violations of §§ 10(b) and 20(a) of the Securities Exchange Act of 1934 and Rule 10b–5, promulgated thereunder. Even if Defendants engaged in improper accounting, which we do not decide, Plaintiffs cannot, as a matter of law, establish that the challenged earnings statements were materially misleading. Such a ruling on a motion to dismiss is rare, but not unprecedented. *See, e.g., Epstein v. Washington Energy Co.,* 83 F.3d 1136 (9th Cir.1996).

Plaintiffs contend that PG & E Corporation's consolidated earnings figures for the second and third quarters of 2000 were materially misleading because they failed to reflect substantial "undercollections" incurred by Pacific Gas & Electric Company

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

(the "Utility").[1] These undercollections resulted from the combination of California's retail energy rate freeze, enacted under Assembly Bill 1890, and spiking wholesale energy rates. Plaintiffs concede, however, that Defendants disclosed the existence and extent of the Utility's undercollections. Defendants explained to investors that they were treating those undercollections as regulatory assets on the balance sheet rather than as expenses affecting earnings. They explained that they did so according to the Financial Accounting Standards Board's Statement of Financial Accounting Standards No. 71, because they believed it was probable that the California Public Utilities Commission ("CPUC") would ultimately allow the Utility to recover the undercollections.

Plaintiffs' argument that these disclosures lacked the required "intensity" to alert investors to their presence or import is untenable. It was common knowledge that wholesale electricity costs spiked in 2000, and that the Utility was not recovering those costs through its retail rates. No reasonable investor would have ignored the disclosures explaining how the company was treating the resulting undercollections on its financial statements. Contrary to Plaintiffs' contentions, the continued strength of PG & E Corporation's stock and the positive treatment of the company in the financial press during the relevant time period do not undermine these assumptions, but rather buttress Defendants' argument that their prediction regarding the probability of the future recovery of the undercollections was shared by investors and analysts.

Plaintiffs do not allege that PG & E Corporation's prediction regarding the probability of the future recovery of undercollections was itself an actionable misrepresentation, nor could they. What the CPUC or State legislature would or would not do to address spiking wholesale energy costs, the retail rate freeze, and the resulting undercollections was anybody's guess—the public, investors, and company executives alike. Thus, reliance on PG & E Corporation's predictions would have been inherently unreasonable and "an investor who [did so] cannot be said to [have been] misled by an 'untrue statement of material fact.'" *Epstein,* 83 F.3d at 1141.

The allegations added by Plaintiffs after their First Amended Complaint had been dismissed do not cure these fatal defects. Even if PG & E Corporation was, as Plaintiffs allege in their Second Amended Complaint, siphoning money from the Utility to another subsidiary in violation of covenants it had entered with the State, this does not render the company's earnings reports false or misleading.

AFFIRMED.

---

1. The Utility is a subsidiary of PG & E Corporation.